IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **ROBERT ARTHUR MOSES, #02101342** | § § | |
| **VS.** | § § | **CIVIL ACTION NO. 4:24cv1094** |
| **DIRECTOR, TDCJ-CID** | § § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Petitioner Robert Arthur Moses filed a petition for writ of habeas corpus in the Southern District of Texas, Corpus Christi Division, invoking 28 U.S.C. § 2241. (Dkt. ##12, 13). The Southern District of Texas, Corpus Christi Division, determined that Petitioner was challenging actions that occurred in connection with his state criminal conviction, which was rendered in the 219th Judicial District Court in Collin County, Texas, and transferred the case to this Court. (Dkt. #16). Because Petitioner is seeking relief from a state court judgment, this Court construed Petitioner's petition for writ of habeas corpus as one seeking relief under 28 U.S.C. § 2254. (Dkt. #19).

On December 26, 2024, the Court ordered Petitioner, within thirty days, to either (1) notify the Court that he did not wish to have his petition construed as a § 2254 petition and to withdraw the documents or (2) complete the § 2254 form fully and legibly and submit it to the Court should he wish to proceed with a § 2254 petition. (Dkt. #19). When Petitioner failed to comply with the Court's Order, United States Magistrate Judge Aileen Goldman Durrett issued a Report and Recommendation concluding that the petition for writ of habeas corpus should be dismissed without prejudice for failure to prosecute. (Dkt. #21).

Petitioner has now filed a motion to withdraw his petition for writ of habeas corpus. (Dkt. #22). The Court construes his motion as a notice of voluntary dismissal. The Report and Recommendation (Dkt. #21) will be withdrawn.

Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a) that provides, in pertinent part, the petitioner "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i); *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977) (a party "has an absolute right to dismiss" his legal action under Rule 41(a) prior to the filing of an answer or motion for summary judgment). "Unless the notice … states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). "The notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam). Thus, once a party has moved to dismiss under Rule 41(a)(1)(A)(i), "the case [i]s effectively terminated," and "[t]he court has no power or discretion to deny [the party's] right to dismiss or to attach any condition or burden to that right." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (citation omitted).

In the present case, no answer has been filed;[1] thus, Petitioner is entitled to the voluntary dismissal of the case without prejudice. Petitioner's case was dismissed the moment the construed notice of dismissal was filed with the Clerk. Moreover, after a notice of voluntary dismissal is filed, the district court loses jurisdiction over the case. *In re Amerijet Int'l, Inc.*, 785 F.3d at 973.

It is **ORDERED** that the Report and Recommendation (Dkt. #21) is **WITHDRAWN**.

It is further **ORDERED** that Petitioner's construed notice of dismissal (Dkt. #22) is self-effectuating and terminates the case in and of itself, and the case is **DISMISSED** without prejudice

---

[1] Respondent has not been ordered to respond to the petition.

pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). All motions by any party not previously ruled upon are **DENIED**.

    **IT IS SO ORDERED**.

    **SIGNED this 1st day of May, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE